UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY ORDAZ,

v. Case No. 8:20-cr-00070-VMC-AEP
8:25-cv-00305-VMC-AEP

UNITED STATES OF AMERICA.
_____________________________/

**ORDER**

This matter is before the Court on Johnny Ordaz's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 197). For the reasons that follow, the Motion is denied.

## I. Background

In February 2020, Mr. Ordaz was indicted for possession of fentanyl with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon, in violation of 21 U.S.C. § 841 and 18 U.S.C. §§ 922 and 924. (Doc. # 1). After a July 2021 jury trial, Mr. Ordaz was convicted on all three counts. (Doc. # 136). The Court sentenced Mr. Ordaz to 144 months' imprisonment, followed by 72 months' supervised release. (Doc. # 164). He appealed (Doc. # 167), and the Eleventh Circuit affirmed his convictions. (Doc. # 191).

On February 4, 2025, Mr. Ordaz filed the instant Motion to vacate, set aside, or correct his sentence. (Civ. Doc. # 1 at 12). As his sole ground for relief, he asserts that he was "denied [] effective assistance of counsel". (Id. at 4). Mr. Ordaz also filed a "memorandum of law in support of [his] motion," further expanding on his arguments. (Civ. Doc. # 2). The Government responded to the Motion on April 25, 2025. (Civ. Doc. # 6). The Government also filed (1) an affidavit of Kathleen M. Sweeney, who represented Mr. Ordaz as his appointed counsel in his criminal case, and (2) a copy of a June 2021 letter from Ms. Sweeney to Mr. Ordaz regarding trial strategy discussions. (Civ. Doc. ## 6-1; 6-2).

Mr. Ordaz failed to file a reply. On March 30, 2026, Mr. Ordaz filed a pro se "Motion for Leave to File Amended § 2255" (Civ. Doc. # 7), to which the Government failed to respond. On April 14, 2026, the Court granted Mr. Ordaz's request as unopposed and gave him until May 15, 2026 to file an amended motion. (Civ. Doc. # 8). To date, Mr. Ordaz has not filed an amended motion. Accordingly, the Court will proceed on the original Motion, which is ripe for review.

## II. Discussion

Mr. Ordaz raises a claim of ineffective assistance of counsel. (Civ. Doc. # 1). Specifically, Mr. Ordaz faults his

counsel for "incorrectly explaining to [him] how the sentencing guidelines would apply to his case," and contends that his "counsel erroneously advised him that . . . he would be sentenced as a career offender." (Civ. Doc. # 2 at 7). According to Mr. Ordaz:

> Counsel explained that, as a career offender, even if [Mr. Ordaz] pled guilty, he would be sentenced to between 21 and 27 years imprisonment (based on a career offender range of 262 to 327 months that includes acceptance of responsibility). And if [Mr. Ordaz] proceeded to trial and was convicted, he would, as a career offender, be sentenced to 360 months to [l]ife in prison. Counsel recommended [Mr. Ordaz] take his chances at trial. Because [Mr. Ordaz] was not willing to plead guilty and be sentenced as a career offender to over 20 years in prison, he decided to proceed to trial.
>
> After the district court denied [his] suppression motion, he proceeded to trial and the jury found him guilty on all three counts. As it turned on, [Mr. Ordaz] did not qualify as a career offender under the Sentencing Guidelines. As such, [his] sentencing range was significantly lower than what counsel had advised him . . . .
>
> [Mr. Ordaz] strongly avers that absent counsel's erroneous advice, he would have asked counsel to seek a plea deal, he would have plead[ed] guilty and received a three-level reduction for acceptance of responsibility . . . . [Mr. Ordaz] contends that his advisory guidelines range, if he had plead[ed] guilty would have possibly resulted in the court imposing a [lower sentence than] that [which] he actually received.

(Id. at 7-9). Mr. Ordaz "reiterates: Based on counsel's erroneous advice that he would be sentenced as a career

offender, which resulted in a 12-15 level miscalculation of his offense level, caused him to proceed to trial. It is noteworthy to state, had counsel been unable to negotiate and secure a plea agreement, but for counsel's erroneous advice, he would have entered an open plea to the three (3) charges. [Mr. Ordaz] adamantly contends that the only reason he was unwilling to plead guilty was because he believed that a guilty plea guaranteed he would be sentenced to more than 20 years in prison." (Id. at 9).

The Government concedes that the Motion is timely, cognizable, and not procedurally barred. (Civ. Doc. # 6 at 7). Mr. Ordaz bears the burden of proof and persuasion on every aspect of his claims. Beeman v. United States, 871 F.3d 1215, 1223-24 (11th Cir. 2017).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Mr. Ordaz must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314

(11th Cir. 2000) (citations omitted). In other words, Mr. Ordaz must show that "no competent counsel would have taken the action that his counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Mr. Ordaz must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[I]f a claim fails to satisfy the prejudice component, the Court need not make a ruling on the performance component." Ortiz v. United States, No 8:15-cr-409-VMC-JSS, 2017 WL 6021645, at *2 (M.D. Fla. Jan. 11, 2017).

"The Supreme Court has long recognized that Strickland's two-part inquiry applies to ineffective assistance of counsel related to the plea process . . . . In the plea-negotiation context, the prejudice requirement focuses on whether

counsel's unconstitutionally ineffective performance adversely affected the outcome of the plea process." Carmichael v. United States, 966 F.3d 1250, 1258-59 (11th Cir. 2020) (cleaned up and citations omitted); see also Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995) ("[T]he defendant must establish that 'counsel's constitutionally ineffective performance affected the outcome of the plea process.'" (citation omitted)). "In other words, in this instance, [Mr. Ordaz] must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial.'" Id. (cleaned up and citation omitted); see also Rosin v. United States, 786 F.3d 873, 878 (11th Cir. 2015) ("The alleged errors of his trial counsel were the erroneous calculation of Rosin's potential prison sentence if he were to be convicted at trial and the failure to pursue plea negotiations. Therefore, Rosin was required to allege that he would have accepted a guilty plea and would not have insisted on going to trial but for his trial counsels' alleged miscalculation of his potential prison sentence and failure to pursue plea negotiations." (citations omitted)).

Here, even if Mr. Ordaz could establish his counsel's "deficient performance," Mr. Ordaz fails to show prejudice.

Mr. Ordaz "fails to allege reasonably specific, non-conclusory facts [establishing] that there is a reasonable probability that but for his counsel's errors the result of his case would have been different." Rosin v. United States, No. 8:05-cr-143-SCB-MAP, 2013 WL 6231272, at *6 (M.D. Fla. Dec. 2, 2013) (finding insufficient allegations of prejudice where defendant "does not state or provide any other evidence that he ever expressed an interest in pleading guilty or even considered doing so prior to filing his [Section] 2255 motion"), aff'd, 786 F.3d 873 (11th Cir. 2015). Rather than identifying any instance in which he expressed an interest in pleading guilty, Mr. Ordaz states that "[b]ecause [he] was not willing to plead guilty and be sentenced as a career offender to over 20 years in prison, he decided to proceed to trial." (Civ. Doc. # 2 at 7-8). He further "strongly avers that absent counsel's erroneous advice, he would have asked counsel to seek a plea deal, he would have plead[ed] guilty and received a three-level reduction for acceptance of responsibility." (Id. at 8). But "[m]erely alleging that he would have insisted that trial counsel 'seek' a plea bargain is insufficient to show that the result of [Mr. Ordaz's] proceedings would have been different had he done so. [His] assertion . . . that he would have instructed his counsel to,

in essence, inquire about a plea offer also assumes that he could have rejected such an offer had one been extended." Rosin, 786 F.3d at 878.

"Furthermore, the record evidence affirmatively contradicts [Mr. Ordaz's] claims [] that he would have accepted a plea bargain," Id., or that "he would have entered an open plea as to the three (3) counts." (Civ. Doc. # 2 at 9). Rather, the record reflects that Mr. Ordaz "persistently refused to accept responsibility and adamantly professed his innocence during all stages of his criminal proceedings." Rosin, 786 F.3d at 878.

In February 2020, Mr. Ordaz pled not guilty at his initial appearance. (Doc. # 11). In June 2020, he filed a pre-trial motion to suppress evidence, asserting that law enforcement officers conducted a "bad traffic stop." (Doc. # 27 at 8). In May 2021, he filed a pre-trial motion to dismiss the indictment, arguing that his charge for being a felon in possession of a firearm was unconstitutional, facially and as applied. (Doc. # 93).

Mr. Ordaz testified in his own defense at his July 2021 trial. He denied being a drug dealer and claimed that he used small baggies because he "was trying to hide [his] addiction from [his] family," and that the cash found in his vehicle

was "from renting cars." (Doc. # 148 at 146, 152-53). After the Government's case-in-chief, he moved for a judgment of acquittal pursuant to Rule 29. (Id. at 119-20, 167).

At his sentencing hearing, Mr. Ordaz continued to profess his innocence, stating:

> I understand that I've been convicted of these crimes or whatever, and, I mean, I don't really know what else to say besides that I'm not a drug dealer whatsoever. I mean, I know that I been convicted of selling drugs because that's what the jury believed, but if you look at the PSR . . . I just got a bad drug problem, a very – a very bad drug problem . . . .

(Doc. # 181 at 33). Within five days of his sentencing hearing, Mr. Ordaz appealed his convictions. (Doc. # 167). On appeal, he argued that the Court erred in denying his motions to dismiss, to suppress evidence, and for a judgment of acquittal; the Eleventh Circuit rejected his arguments and affirmed this Court. United States v. Ordaz, No. 21-13423, 2024 WL 471966 (11th Cir. Feb. 7, 2024).

The Government has also filed the affidavit of Ms. Sweeney, Mr. Ordaz's former counsel, and a copy of a June 7, 2021 letter from Ms. Sweeney to Mr. Ordaz memorializing their discussions from a meeting on June 4, 2021. (Doc. ## 6-1; 6-2). In that letter, Ms. Sweeney wrote to Mr. Ordaz:

> You have always told me that you wanted to go to trial to attack the 924(c) which will be my focus.

> You also wanted to tell the jury how you were being harassed by the police. I will endeavor to introduce this evidence however it will be subject to relevancy objections by the government.

(Doc. # 6-2 at 2). In her affidavit, Ms. Sweeney further states as follows:

> As part of my representation of Mr. Ordaz, I explained the federal sentencing guidelines with the range of possible sentences, from worst case scenario to best case scenario. From the records that I had access to, I explained there was a possibility that he might be a career offender. I did not advise him that it was 100% certain that he was a career offender. I also advised him of other sentencing possibilities.
>
> At all times during my representation of Mr. Ordaz and even after discussions of the sentencing guidelines, he unequivocally stated that he wanted a jury trial. Specifically advising me that he was not selling drugs - the drugs he possessed were for personal use. He also unequivocally stated that the firearm he possessed was not to facilitate a drug trafficking offense. These are statements that he made to me on many occasions and during his testimony at trial.
>
> I do not recall ever having a conversation with Mr. Ordaz that he might consider pleading guilty, if he was not a career offender.

(Doc. # 6-1 at 3-4).

"Indeed, [Mr. Ordaz's] insistence on his innocence, both before and after trial, makes it more difficult to accept his claim that he would have taken a [] plea deal." Osley v. United States, 751 F.3d 1214, 1225 (11th Cir. 2014); see Id. at 1224 ("[Defendant's] claim that he would have pled guilty

had he been properly informed is [] undermined by his repeated claims of innocence."). "In this case, [Mr. Ordaz] only goes so far as to say he should have been able to take [a] lower sentence into account when deciding whether to plead guilty. Considered in conjunction with his counsel's affidavit [and the record of his criminal case], which indicated [Mr. Ordaz] strongly advocated his innocence and was not amenable to pleading otherwise, [his] argument does not establish a reasonable probability he would actually have pled differently but for his counsel's alleged advice. Thus, [Mr. Ordaz's] argument is insufficient to make the required showing for Strickland's second prong." Scott v. United States, 325 Fed. App'x 822, 825 (11th Cir. 2009) (citations omitted); see also Oliver v. United States, 292 Fed. App'x 886, 887 (11th Cir. 2008) ("[Defendant] maintained his innocence throughout trial and during his sentencing, which undermines his claim that he would have consented to a plea agreement."); Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991) (noting the defendant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted [a] plea offer").

Thus, "[t]he evidence shows that [Mr. Ordaz], in fact, had absolutely no interest in accepting any responsibility or guilt whatsoever. [Mr. Ordaz] requests that [the Court], in essence, accept his conclusory assertion [in the Motion] that his failure to accept a guilty plea and his insistence on going to trial were caused by his trial counsels' ineffective assistance. However, in the absence of any evidence other than his own conclusory after-the-fact assertion — and given the record evidence contradicting it — [the Court] cannot accept that conclusion." Rosin, 786 F.3d at 879. Accordingly, Mr. Ordaz's Motion is denied.

**III. Evidentiary Hearing**

As the Court readily determined that Mr. Ordaz's Motion lacks merit, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

## IV. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Mr. Ordaz has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Ordaz to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Ordaz shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Johnny Ordaz's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 197) is **DENIED**.

(2) The Clerk is directed to enter judgment accordingly and, thereafter, to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of July, 2026.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE